UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FSP, INC. A Nevada corporation; MARK VALENTI, an individual,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>MJM FANTASY SPORTS LLC, a Washington limited liability company; and MARC A. MALONE, an individual,<br><br>                    Defendants.<br>_____<br>MJM FANTASY SPORTS LLC, a Washington limited liability company,<br><br>                    Third-party Plaintiff,<br><br>        vs.<br><br>UPROAR, INC., a Nevada corporation,<br><br>                    Third-party Defendant.<br>_____ | Case No.: 2:11-cv-00747-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#13) |

Before the Court is Plaintiffs FSP, Inc. and Mark Valenti and Third-party Defendant UpRoar, Inc.'s **Motion to Dismiss Counterclaims** (#13, filed Aug. 8, 2011) based on a failure to state a claim.  The Court has also considered Defendant/Third-party Plaintiff MJM Fantasy Inc.'s Opposition (#14, filed Aug. 25).  No reply was filed.

**BACKGROUND**

The dispute arises out of the alleged breach of contracts entered into between Mark Valenti, UpRoar, FSP, Malone, and MJM. Malone (who owns MJM) and MJM allegedly agreed to disclose certain proprietary information to Valenti (who owns FSP and UpRoar), FSP, and UpRoar in order to facilitate a possible business deal. That deal fell through, but Malone and MJM claim that Valenti, UpRoar, and FSP have improperly used the proprietary information they gained through the contracts. Valenti and FSP then filed a declaratory judgment action in this Court requesting the Court declare that they did not breach the contracts, and alleging fraud in the inducement and breach of contract against Malone and MJM. In response, Malone and MJM filed counterclaims and a third-party complaint for misappropriation of trade secrets and breach of contract. Now before the Court is Valenti, FSP, and UpRoar's motion to dismiss the counterclaims and third-party complaint. For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

**I.     Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

/

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## II.     Analysis

MJM asserts claims for misappropriation of trade secrets under NRS § 600A.030, *et. seq*., and breach of contract. "The elements of a misappropriation of trade secrets claim include: (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) the requirement that the misappropriation be wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose." *Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000) (citations and footnotes omitted). In arguing that MJM failed to assert a claim for misappropriation of trade secrets FSP focuses on MJM's failure to specifically identify the alleged trade secret and failure to identify how they protected the trade secret. FSP cites no law for why these failures require dismissal of the counterclaims. These issues may become important later in the case, but they are insufficient reason to warrant dismissal at the pleading stage. Thus, the Court declines to dismiss the misappropriation claim.

/

FSP also focuses on MJM's failure to disclose the trade secret and any other confidential information in relation to MJM's breach of contract claim. Again, FSP cites no law for why such a failure requires the court to dismiss a run of the mill breach of contract claim and the Court refuses to do so. The Court does not find it necessary for a party to disclose confidential information in a public pleading in order to assert claims related to the confidential information, at least not in this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Valenti, FSP, and UpRoar's Motion to Dismiss (#13) is DENIED.

Dated: December 14, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**